**AMERICAN SAMOA GOVERNMENT, Plaintiff**

v.

**ERNESTO SUMAJESTAD, Defendant.**

High Court of American Samoa
Trial Division

CR No. 41-00

September 8, 2000

Before KRUSE, Chief Justice, TUAOLO, Associate Judge, and LOGOAI, Associate Judge.

Counsel: For Plaintiff, John R. Cassell, Assistant Attorney General
For Defendant, Bentley C. Adams III, Assistant Public Defender

## ORDER DENYING MOTION FOR MENTAL EXAMINATION

Counsel for defendant seeks an order to submit his client to a psychiatric evaluation principally on counsel's contention that defendant's action in turning himself into the police with a cache of controlled substances was conduct so "bizarre" to warrant a mental examination. This motion is being belatedly made after the defendant had waived his right to a preliminary examination before the District Court and entered a plea of not guilty, subsequent to waiving the reading of the information and rights, and upon arraignment before this court.

Under A.S.C.A. § 46.1303, the court may order a psychiatric evaluation on the motion of either party or *sua sponte*. The scope of the examination, unless otherwise specified, is to determine whether (1) defendant is competent to stand trial and (2) whether he was sane at the time of the criminal act charged. A.S.C.A. § 46.1304(b) (1) and (2). All persons are presumed to be sane or mentally competent, *see* A.S.C.A. § 46.1306, unless a preponderance of the evidence indicates otherwise. *Am. Samoa Gov't v. Taylor*, 16 A.S.R.2d 44, 46 (Trial Div. 1990).

We find the showing insufficient to order an evaluation. An attack of conscience, for instance, is hardly grounds to believe one is incompetent to stand trial. By turning himself in, the defendant obviously appreciated the wrongfulness of his conduct. Second, by doing so, he conformed his

conduct to the law in probably the most drastic fashion possible.

The motion is denied.

It is so ordered.